# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY DELL OWENS | CIVIL ACTION |
| VERSUS | No. 12-0698 |
| RECORD CUSTODIAN, DISTRICT ATTORNEY'S OFFICE | SECTION I |

### ORDER AND REASONS

Before the Court is a motion to dismiss[1] filed by defendant, the St. Tammany Parish District Attorney's office,[2] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, Roy Dell Owens ("Owens"), opposes[3] the motion. For the following reasons, the Court finds, for reasons unrelated to that offered by defense counsel, that it does not have subject-matter jurisdiction and, therefore, it dismisses this action pursuant to Federal Rule of Civil Procedure 12(b)(1).

### *BACKGROUND*

This dispute arises out of a lawsuit that Owens filed in state court asserting causes of action based on defendant's alleged failure to respond to a public records request.[4] After the state district court denied his request for relief, Owens filed a "supervisory writ of review" with the state appellate court.[5] On October 31, 2005, the appellate court denied his writ.[6] Owens then

---

[1] R. Doc. No. 8.

[2] Viewing the allegations of plaintiff's complaint liberally, the Court construes this lawsuit as an action against Walter Reed, the St. Tammany Parish District Attorney.

[3] R. Doc. No. 10.

[4] R. Doc. No. 9, p. 8.

[5] *Id.*

[6] *Id.*

filed a writ of certiorari to the Louisiana Supreme Court which was ultimately denied because it was not timely filed.[7]

On March 19, 2012, Owens filed a *pro se* complaint against defendant in this Court entitled "Writ of Mandamus Injunctive Declaratory Relief."[8] Owens' complaint asserts three claims.[9]

In "Claim 1," he alleges that the state district court violated his rights under Article 1, §§ 2 and 22 of the United States Constitution when it "refused to lodge the record with the First Circuit Court of Appeal and dismiss[ed] the appellant's appeal/suit in accordance to La. R.S. 15:1186."[10] In "Claim 2," Owens asserts that the state appellate court violated his rights under Article 1, §§ 2 and 22 of the Louisiana Constitution of 1974 and the Fourteenth Amendment of the United States Constitution when it allegedly "assisted the trial court by rejecting appellant's writ application" until partial payment of a filing fee was made in accordance with La. Rev. Stat. § 15:1186.[11] Owens alleges this constituted a violation of his rights because the appellate court "was aware" that his lawsuit was not governed by La. Rev. Stat. § 15:1186.[12] Finally, in "Claim

---

[7] R. Doc. No. 9, pp. 8 and 10. *See also Owens v. St. Tammany Dist. Attorney's Office*, 75 So.3d 469 (La. 2011) (denying Owens' application for supervisory and remedial writs because the writ application was untimely filed); 78 So.3d 132 (La. 2012) (denying Owens' application for reconsideration of court's previous ruling because the writ application was untimely filed).

Owens' allegations with respect to the proceedings in the Louisiana Supreme Court are not entirely clear. According to the complaint Owens filed in this Court, the Louisiana Supreme Court initially granted his writ and ordered defendant to provide a cost estimate for which Owens could purchase the documents he requested. R. Doc. No. 9, p. 8. Owens alleges that he was provided with the cost estimate, that he made payment for the requested documents, and that he received some, but not all, of the documents he requested. *Id.* However, in subsequent paragraphs of his complaint, Owens alleges that the Louisiana Supreme Court denied his writ application because it was not timely filed. *Id.* at p. 10.

[8] R. Doc. No. 2. Owens later amended his complaint to include pages that were unintentionally omitted from his original complaint. R. Doc. No. 9.

[9] R. Doc. No. 9, pp. 9-10.

[10] *Id.*, p. 9.

[11] *Id.*

[12] *Id.*

2

3," Owens alleges that the Louisiana Supreme Court violated his rights under the same provisions of the Louisiana and United States Constitutions referenced in "Claim 2" when it ruled that his "issue presented untimely after the court was provided with documentation proving appellant is [sic] timely filed in the courts…."[13] In his prayer for relief, Owens requests that this Court "reverse the lower courts [sic] ruling and that the case be reinstated and proceed in accordance to [sic] C.C.P. Art. 2124 A."[14]

Defendant has moved to dismiss Owens' complaint on two separate grounds. First, defendant asserts that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject-matter jurisdiction over this action.[15] Second, defendant asserts that because plaintiff's complaint fails to state a claim upon which relief can be granted, it should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).[16]

## STANDARD OF LAW

### I. Federal Rule of Civil Procedure 12(b)(1).

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The district court may base its finding as to subject-matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing

---

[13] *Id.*

[14] R. Doc. No. 9, p. 20. The Court also notes that in the introduction of his complaint, Owens requests "that this court reverse the above civil action based on the following…." *Id.*, p. 1. The caption of his case references the case number assigned to the state court proceedings. *Id.*

[15] R. Doc. No. 8, p. 1.

[16] *Id.*

3

*Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The burden of proving subject-matter jurisdiction is on the party opposing the motion to dismiss. *Id.*

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). If the Court determines that it lacks subject-matter jurisdiction, "the case should be dismissed without consideration of other motions, including Rule 12(b)(6) motions to dismiss." *Nabut v. Dascents, LLC*, 2012 WL 2915869, at *2 (E.D. La. 2012) (Milazzo, J.) (citing *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 512 (5th Cir.1980)).

## II. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine provides that "federal district courts lack subject matter jurisdiction to hear collateral attacks on state court judgments." *Turner v. Chase*, 2008 WL 5046817, at *2 (E.D. La. 2008) (Africk, J.) (citing *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)). The United States Supreme Court reiterated the contours of the *Rooker-Feldman* doctrine:

> *Rooker* was a suit commenced in Federal District Court to have a judgment of a state court, adverse to the federal court plaintiffs, "declared null and void." In *Feldman*, parties unsuccessful in the District of Columbia Court of Appeals (the District's highest court) commenced a federal-court action against the very court that had rejected their applications. Holding the federal suits impermissible, we emphasized that appellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1 Stat. 85, and now by 28 U.S.C. § 1257, exclusively in this Court. Federal district courts, we noted, are empowered to exercise original, not appellate, jurisdiction. Plaintiffs in *Rooker* and *Feldman* had litigated and lost in state court. Their federal complaints, we observed, essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments. We declared such suits out of bounds, *i.e.,* properly dismissed for want of subject-matter jurisdiction. The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: *cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the*

> *district court proceedings commenced and inviting district court review and rejection of those judgments.*

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)) (citations omitted and emphasis added). "The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'" *Liedtke v. State Bar of Tex.,* 18 F.3d 315, 317 (5th Cir. 1994) (quoting *Kimball v. Fl. Bar,* 632 F.2d 1283, 1284 (5th Cir.1980)) (alterations in original). "The federal courts *do not* have subject matter jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Musslewhite v. State Bar of Tex.,* 32 F.3d 942, 946 (5th Cir.1994) (emphasis in original); *see also Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986) ("A lengthy line of decisions in our court…holds that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits.") The only federal recourse for constitutional questions arising in state court proceedings is application for a writ of certiorari to the United States Supreme Court. *Liedtke,* 18 F.3d at 317; *see also Exxon Mobil Corp.*, 544 U.S. at 283 (noting that "appellate jurisdiction to reverse or modify a state-court judgment is lodged…exclusively in this Court.").

## DISCUSSION

Owens' petition urges this Court to reverse three state court judgments and reinstate his state court lawsuit. Indeed, Owens explains in his opposition to defendant's motion to dismiss:

5

> This matter concerns a [sic] incorrect law being applied to the appeal process of the suit by Judge Badeaux along with the First Circuit Court of Appeals and the Louisiana Supreme Court allowing Judge Badeaux [sic] actions to go uncorrected….Wherefore, Mr. Owens request [sic] that this honorable court *reverse* the state courts rulings to allow the suit to proceed on appeal in accordance to law.[17]

It is clear that this case falls squarely within *Exxon Mobil's* delineation of circumstances in which dismissal for lack of subject-matter jurisdiction is proper pursuant to the *Rooker-Feldman* doctrine: (1) it is a case "brought by a state court loser;" (2) it unambiguously "complain[s] of injuries caused by [the] state court judgment," namely that the state courts applied incorrect law; (3) the state court judgments of which he complains were "rendered before [these] proceedings commenced;" and (4) Owens' claims invite "review and rejection" of the state court judgments by this Court. *Exxon Mobil*, 544 U.S. at 284. Owens' classification of his claims as violations of his constitutional rights does not affect this analysis. *Musslewhite*, 32 F.3d at 946. Owens' general constitutional attack is inextricably intertwined with the state court judgments. *Id.*

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED**, and plaintiff's complaint is **DISMISSED** for lack of subject-matter jurisdiction.[18]

New Orleans, Louisiana, August 20, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. No. 10, pp. 3-4 (emphasis added); s*ee also* R. Doc. No. 9, pp. 1 and 20 (requesting this Court to "reverse" the state court rulings).

[18] Because this action is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, the Court does not consider defendant's motion under Federal Rule of Civil Procedure 12(b)(6). *Menchaca*, 613 F.2d at 512 ("If the [plaintiff's] allegations do not survive the jurisdictional attack, then there is no jurisdiction even to consider the other claims, much less to entertain a Rule 12(b)(6) motion to dismiss those claims.").